IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN JOY,<br><br>Plaintiff,<br><br>v.<br><br>HARDEMAN COUNTY, TENNESSEE, and EUNICE MINTER GUDGER, *Individually and in her Official Capacity as Hardeman County Circuit Court Clerk*;<br><br>Defendants. | ) | No. 1:24-cv-01232-STA-jay |

REPORT AND RECOMMENDATION

Defendants Hardeman County, Tennessee, and Eunice Minter Gudger, move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Docket Entry ["D.E."] 38). This case has been referred to the undersigned United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05.

**Background**

Joy brought this *pro se* civil rights action on November 4, 2024. (D.E. 1). In his Complaint, Joy alleged that he was offered and accepted a job but that during the onboarding process for his new position, a background check was conducted, and a dismissed felony theft charge against him in Hardeman County, Tennessee, was discovered. (D.E. 1 at 2, ¶¶ 8-9). According to Joy, his employment was terminated because of the background check. (*Id*. at 4, ¶ 16). Joy states that he had no knowledge of the charge, was never served with a warrant or summons relating to the

charge, and that his name did not appear on the docket for the date the charge was dismissed. (*Id*. at 2–3, ¶¶ 9-10; at 3, ¶ 14).

Joy brought this action seeking damages and injunctive relief. He asserted, *inter alia*, that his procedural due process rights were violated by never being notified of the reported criminal charge or the adjudication of that charge. (*Id*. at 1-2, ¶ 2). After obtaining leave to proceed *in forma pauperis*, the Court screened Joy's Complaint as required by 28 U.S.C. § 1915(e)(2)(B) and allowed Joy's procedural due process claim against Hardeman County, Tennessee, and Eunice Gudger to proceed. (D.E. 7, 9). Defendants filed an Answer, and a scheduling order was entered on June 24, 2025. (D.E. 12, 22). The scheduling order established January 5, 2026, as the deadline to complete all discovery, and February 4, 2026, as the deadline to file dispositive motions. (D.E. 22).

On February 4, 2026, Defendants filed a motion for summary judgment. (D.E. 38). In their motion, Defendants submit that Joy's procedural due process claim fails because: he did not have a protected property or liberty interest in the job from which he was terminated; Defendants did not have any personal involvement in Joy's termination; there was no process due to Joy to be notified of a criminal case brought against him that was dismissed when he was never arrested, indicted, or prosecuted; and, Joy cannot establish that there were any inaccuracies reported against him or that any reported inaccuracies of his criminal record were the result of Hardeman County's policies, practices, or deliberate action. (*See id.*) In support of their motion, Defendants submit a statement of undisputed facts (D.E. 38-5), Defendants' written discovery requests that were propounded to Joy (D.E. 38-2), Joy's responses to those written discovery requests (D.E. 38-3), and Eunice Gudger's Declaration. (D.E. 38-4). Defendants also filed transcripts from Joy's depositions. (D.E. 39).

On February 24, 2026, Joy filed his response in opposition to the motion for summary judgment. (D.E. 40). In his response, Joy urges the Court to deny Defendants' motion for summary judgment because he has not had an opportunity to complete discovery including not being permitted to depose Defendant Gudger. In addition to seeking relief under Rule 56(d) of the Federal Rules of Civil Procedure, Joy asserts that there are disputed material facts that prevent summary judgment. Joy does not respond to Defendants' Statement of Undisputed Facts but provides what he labeled as "Disputed Material Facts." (*See* D.E. 40 at 3-4, ¶¶ 6-12).

On March 9, 2026, Defendants filed their reply to Joy's response. (D.E. 41). Defendants point to Joy's failure to respond to their statement of undisputed facts as grounds for the Court to deem those facts as undisputed as provided for in Local Rule 56.1. Next, Defendants argue that Joy's request for Rule 56(d) relief is procedurally and substantively deficient. Defendants also submit email exchanges between Defense counsel and Joy to demonstrate that offers were made to Joy to arrange depositions of Defense witnesses, including Defendant Gudger, but that Joy did not take any action to make arrangements to depose any Defense witnesses. Defendants then argue that Joy's own deposition testimony eliminates any dispute of material fact. Finally, Defendants note that Joy fails to address any of their substantive arguments raised in their summary judgment motion. On that same date, Defendants filed a response to Joy's statement of "Disputed Material Facts." (D.E. 42).

On March 17, 2026, Joy filed a motion for leave to file a sur-reply and a proposed sur-reply. (D.E. 43). In his proposed sur-reply, Joy alleges that Defendants have mischaracterized communications between Joy and Defense counsel concerning discovery and depositions. He also reiterates his need for the opportunity to conduct additional discovery pursuant to Rule 56(d). He also broadly states that there exist issues of disputed material facts, and that he "unequivocally

denies ever agreeing to or making any of the affirmative representations that Defendants' counsel asserts in their Reply." (*Id*. at 3 ¶ 7.) Finally, Joy submits that Defendants' reply should be stricken because it was untimely filed.

On March 23, 2026, Defendants filed a response to Joy's motion to file a sur-reply. (D.E. 44). They argue that Joy should not be permitted to file a sur-reply because his proposed sur-reply exceeds the narrow scope for a sur-reply permitted by Local Rule 56.1(e), and that Defendants' reply was, in fact, timely filed.[1]

**Joy's Motion for Leave to File a Sur-Reply**

As an initial matter, the Court should deny Joy's motion for leave to file a sur-reply. (D.E. 43 at 6-7). Under the Local Rules, a sur-reply in the summary judgment context is only authorized when "any objection to evidentiary materials is raised for the first time in the reply memorandum, the party opposing such objection(s), within 7 days of service of such reply memorandum, may file a sur-reply of not more than 4 pages that only responds to the evidentiary objection(s) raised in the reply memorandum." L.R. 56.1(e). Here, Defendants raise no evidentiary objections in their reply memorandum or in their reply to Joy's "Statement of Disputed Facts." (*See* D.E. 41-42). As there are no evidentiary objections raised for the first time in these replies, the Local Rules do not permit Joy to file a sur-reply.

Even if it were permissible for Joy to file a sur-reply, the proposed sur-reply Joy submitted (D.E. 43 at 1-5) would have no bearing on the undersigned's report and recommendation. First, Joy claims that Defendants' reply contains "numerous statements about [Joy's] deposition and discovery responses that are inaccurate." (*Id*. at 1 ¶ 1). Joy contends that Defendants incorrectly

[1] Defendants also contend that the sur-reply was filed without first seeking the Court's leave. Upon review of D.E. 43, Joy did file a motion for leave to file a sur-reply but the motion was docketed in the same document as the proposed sur-reply. Thus, Joy did seek leave to file a sur-reply and the docketed sur-reply is construed as a proposed sur-reply.

stated that he did not supplement his discovery responses or attempt to schedule Defendant Gudger's deposition. (*Id.*) Joy further states that Defendants' statements are contradicted by emails and sworn affidavits that he has submitted. (*Id.*) Joy, however, has submitted no emails, sworn affidavits[2], or any evidence whatsoever in his response to Defendants' motion for summary judgment or in support of his motion for leave to file a sur-reply.

Next, Joy restates his request for relief under Rule 56(d) but adds no additional reasons for why he was unable to obtain discovery during the discovery period set forth in the scheduling order that was not already stated in his response. Similarly, Joy also restates that there are genuine issues of material fact but does not offer any specific evidentiary citations to support his broad assertion. Again, Joy states that "sworn affidavit testimony and corroborating evidence from a third-party witness" bears out these alleged disputed material facts; however, as noted above, Joy has not submitted any evidence whatsoever in opposition to Defendants' motion for summary judgment.

Finally, Joy objects to Defendants' reply as untimely. Joy relies upon Local Rule 7.2(c)[3] for the proposition that Defendants' reply had to have been filed no later than 7 days from the date Joy's response was filed; instead of the 13 days that elapsed from the date Joy filed his response to when Defendants filed their reply. (*See* D.E. at 3-4, ¶¶ 8-11). Joy appears to have overlooked the complete language of Local Rule 7.2(c), which provides:

> Reply Memoranda. **Except as provided by LR 12.1(c) and LR 56.1(c)**, reply memoranda may be filed only upon court order granting a motion for leave to reply. Such motion for leave must be filed within 7 days of service of the response.

LR 7.2(c) (emphasis added).

---

[2] Joy does submit an affidavit in support of his Rule 56(d) request for additional discovery; however, this affidavit does not substantively respond to Defendants' motion for summary judgment. (*See* D.E. 40 at 11-12).

[3] Joy cites to Local Rule 7.1(a); however, it appears that he relies upon Local Rule 7.2.(c).

Local Rule 56.1(c) provides, in relevant part:

> Reply by Moving Party. Leave of Court is not required to file a reply to a response to a motion for summary judgment. **Replies must be filed within 14 days after the response is served**. . .

LR 56.1(c) (emphasis added). Because Defendants filed their reply within 14 days after Joy filed and served his response, the reply was timely filed.

As Joy's proposed sur-reply is not permitted under the Local Rules and, even if it were permitted, the arguments raised in it are of no benefit to the Court in deciding whether to grant Defendants' motion for summary judgment, Joy's motion for leave to file a sur-reply should be DENIED.

**Joy's Rule 56(d) Request**

In his response, Joy contends that he "has not yet been afforded a full and fair opportunity to conduct discovery on critical issues" (D.E. 40 at 2 ¶ 3) and Defendants' summary judgment motion is therefore premature. Joy submits that he has not been permitted to take Defendant Gudger's deposition and that her testimony is important to his case as Defendant Gudger is "a critical fact witness with direct knowledge of the communications and actions surrounding the alleged error in [Joy's] criminal record." (*Id*. at 5 ¶ 14). Joy, citing Rule 56(d) of the Federal Rules of Civil Procedure, implores the Court to deny Defendants' motion for that reason, or, alternatively, to defer ruling on the motion until he has completed discovery. (*Id*. at 6 ¶ 18).

A party must respond to a motion for summary judgment "within 28 days after the motion is served." LR 56.1(b)(3). However, the Federal Rules provide that, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R.

Civ. P. 56(d). When a party believes that it needs more time for discovery before it can respond to a motion for summary judgment, "the non-movant must file an affidavit pursuant to Fed. R. Civ. 56(d) that details the discovery needed, or file a motion for additional discovery. Beyond the procedural requirement of filing an affidavit, Rule 56(d) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Zakora v. Chrisman*, 44 F.4th 452, 479 (6th Cir. 2022) (citation modified).

The purpose behind the rule is to make sure "that plaintiffs receive a full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment." *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019). But a non-moving party does not obtain Rule 56(d)'s benefits automatically. *Id.* (noting that non-moving parties have "no absolute right to additional time for discovery under Rule 56"). Rather, whether to allow additional discovery is soundly within the trial court's discretion. *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 426 (6th Cir. 2009).

Here, Joy has submitted an affidavit as required by Rule 56(d). (*See* D.E. 40 at 11-12). In his affidavit he declares that:

> I have sworn testimony, and supporting documentation, indicating that I personally contacted [Defendant] Gudger regarding the dismissed criminal charge that formed the basis of the dispute in this case. I maintain that [Defendant] Gudger was informed of the issue that required correction. There exists a genuine dispute as to the content of our communications, her awareness of the facts, and whether her statements or actions were consistent with Defendants' representations.

(*Id*. at ¶ 3).

> Additional discovery, including the deposition of [Defendant] Gudger, is essential to fully develop the factual record and to allow me to present evidence regarding what knowledge she possessed, what communications occurred, and how Defendants acted or failed to act in response to the alleged errors. That discovery is material to my claims and cannot be obtained elsewhere.

(*Id*. at 12 ¶ 4).

> I am aware of at least one other individual who has knowledge of communications with [Defendant] Gudger and the events in question. Their testimony is necessary to corroborate my account and to resolve factual disputes concerning what was said and who was aware of the alleged errors.

(*Id*. at ¶ 5).

Joy's affidavit satisfies the procedural requirement of Rule 56(d). Further, Joy indicates in his affidavit his need for discovery, and what material facts he hopes to uncover with an adequate degree of specificity. Next, Joy addresses in his affidavit why he has not previously discovered the information he seeks as follows:

> I have repeatedly requested the opportunity to depose critical witnesses in this matter, including [Defendant] Gudger, who is directly involved in the circumstances giving rise to my claims. Despite my requests, Defendants' counsel has refused to schedule these depositions, stating that he must complete his depositions first. As of today, I have not been afforded the opportunity to question [Defendant] Gudger regarding her knowledge of the alleged errors and communications at issue.

(*Id*. at 11 ¶ 2).

Defendants' response to Joy's claim that he was stonewalled in his efforts to obtain the discovery he now seeks portrays a starkly different version of events. Email exchanges between Joy and Defense counsel submitted as exhibits to Defendants' reply establish that Defense counsel offered to make Defense witnesses, including Defendant Gudger, available for Joy to depose but that Joy never followed up with scheduling these witnesses. (*See* D.E. 41, exhibits A-E). For example, on November 17, 2025, Defense counsel emailed Joy:

> Additionally, given the amount of people you want to depose, I will need more than a week's notice to confirm schedules and whatnot. How does Dec 18 work for your schedule?

(D.E 41-2). To which Joy, on that same date, responded:

> Ok sounds good, I will get with the back with you with a December date for deposition by the end of the day tomorrow

(*Id.*)

The next response from Joy is dated November 25, 2025. (D.E. 41-3). In that message he advises of his availability for the continuation of his deposition as well as requesting various records from Defense counsel. He does not make an inquiry or address when to depose Defense witnesses. (*See id.*)

In an email dated December 1, 2025, Joy addresses scheduling issues concerning his continued deposition that was to take place on December 15, 2025, and also listed three Defense witnesses, including Defendant Gudger, that he requested be present so that he could depose them. (D.E. 41-5). Defense counsel, on that same date, responded:

> I put forward December 15 for you to finish giving your deposition testimony after you supplement your discovery to fully respond to my discovery requests which includes, but isn't limited to, providing all of the documents identified in your initial disclosures. I will need time to go over those to prepare for your continuation deposition after obtaining those. I intended to finish your deposition in one day but was unable to do so since I learned during the deposition that I did not have your complete discovery responses.
>
> As the Plaintiff, your deposition will be finished first and it will be at my office, same as before.
>
> As for the depositions that you wish to take of defense witnesses, they will have to be on another day as I don't know how long yours will go. I will cooperate on the date and have provided my availability. I will also cooperate on the location. Those depositions can certainly take place at a hotel in Jackson if that is where you wish to conduct them.
>
> ***
>
> So, in summation of the above:
>
>> Please get the complete supplementation to your discovery responses to me quickly so that I can finish up your deposition. I propose to do that on December 15 at my office. Please confirm that is acceptable.

> I will cooperate with you on a date after December 15 for you to depose the Defense witnesses of your choosing that are within my control. I will also cooperate with you on the location. A Jackson hotel is fine if that is what you desire.

(*Id.*) No other emails or other communications between Joy and Defense counsel have been submitted, thus it appears there were no further discussions held concerning scheduling Defendant Gudger's deposition.

These email communications cast doubt on Joy's claim that Defense counsel prevented him from obtaining the discovery that he seeks to now gather through Rule 56(d). Rather, the email communications make clear the Defense counsel was cooperative in offering to make arrangements for Joy to depose Defense witnesses. In addition, Joy did not seek the Court's intervention for additional time to conduct Defendant Gudger's deposition before the discovery deadline expired. Nor did Joy simply notice the deposition or seek an order compelling Defendant Gudger to testify. Therefore, under these circumstances, Joy has failed to demonstrate that additional discovery is warranted pursuant to Rule 56(d) and his request that the Court deny Defendants' motion for summary judgment or defer its ruling pending him obtaining additional discovery should be DENIED.

## Defendants' Motion for Summary Judgment

### A. Legal Standard

Courts evaluate motions for summary judgment under Federal Rule of Civil Procedure 56(a). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Harper v. City of Cleveland*, 781 F. App'x 389, 392 (6th Cir. 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)). Thus, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also*

*Wilmington Tr. Co. v. AEP Generating Co.*, 859 F.3d 365, 370 (6th Cir. 2017) ("Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.") (quoting *Thomas M. Cooley Law Sch. v. Kurzon Strauss, LLP*, 759 F.3d 522, 526 (6th Cir. 2014)). "A material fact is one 'that might affect the outcome of the suit,' and a genuine dispute exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Bethel v. Jenkins*, 988 F.3d 931, 938 (6th Cir. 2021) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The moving party bears the burden of showing that no genuine issues of material fact exist." *McClellan v. Midwest Machining, Inc.*, 900 F.3d 297, 302 (6th Cir. 2018) (citing *Celotex*, 477 U.S. at 324). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by ... citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).

In evaluating summary judgment motions, a court must "draw all reasonable inferences in favor of the nonmoving party." *Harper*, 781 F. App'x at 392 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Nevertheless, "[t]he nonmoving party must do more than simply 'show that there is some metaphysical doubt as to the material facts.'" *Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648, 652 (W.D. Tenn. 2020) (quoting *Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018)). A properly supported motion for summary judgment will not be defeated by conclusory allegations, speculation, or unsubstantiated

assertions. *Bradley*, 587 F. App'x at 866 (citing *Lujan*, 497 U.S. at 888). In determining whether a dispute of material fact exists, “[t]he court need consider only the cited materials, but it may consider other materials in the record.” Fed. R. Civ. P. 56(c)(3). At the same time, “[a] district court is not required to search the entire record to establish that it is bereft of a genuine issue of material fact,” as “judges are not like pigs, hunting for truffles that might be buried in the record.” *Emerson v. Novartis Pharms. Corp.*, 446 F. App'x 733, 736 (6th Cir. 2011) (citations, quotations, and alterations omitted).

“Although summary judgment must be used carefully, it ‘is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut.’” *Stevens-Bratton*, 437 F. Supp. 3d at 652 (quoting *FDIC v. Jeff Miller Stables*, 573 F.3d 289, 294 (6th Cir. 2009)). Ultimately, “[w]hen the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper.” *Peterson v. Medtronic, Inc.*, No. 2:17-cv-02457, 2020 WL 6999225, at *4 (W.D. Tenn. Sept. 30, 2020) (quoting *Martinez v. Cracker Barrel Old Country Store, Inc.*, 703 F.3d 911, 914 (6th Cir. 2013)). “These standards apply regardless of a party's *pro se* status; the liberal pleading standard for *pro se* parties is inapplicable once a case has progressed to the summary judgment stage.” *Almasri v. Valero Ref. Co. – Tenn., LLC*, No. 2:20-cv-02863, 2022 WL 895732, at *3 (W.D. Tenn. Feb. 18, 2022), *report and recommendation adopted*, 2022 WL 891842 (W.D. Tenn. Mar. 25, 2022) (citations and internal quotations omitted).

B. Undisputed Facts

Rule 56.1 of the Local Rules for the United States District Court for the Western District of Tennessee provides:

> Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either:
>
> (1) agreeing that the fact is undisputed;
>
> (2) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or
>
> (3) demonstrating that the fact is disputed.

L.R. 56.1(b). Local Rule 56.1 further provides that a "[f]ailure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these rules shall indicate that the essential facts are not disputed for purposes [of] summary judgment." L.R. 56.1(d). In addition, Rule 56(e) of the Federal Rules of Civil Procedure provides that if a party fails to properly address another party's assertion of facts, the court may, among other things, "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

*1. Defendants' Statement of Undisputed Facts*

Joy has failed to respond to Defendants' statement of material facts. The proposed facts set forth in subsection B.3 below are, therefore, not disputed and should be adopted by the Court for the purpose of deciding Defendants' motion.

*2. Joy's Statement of Disputed Facts*

In his response to Defendants' motion, Joy lists 7 "disputed facts." (D.E. 40, at 3-4 ¶¶ 6-12). Defendants have responded to and dispute each of Joy's facts. (D.E. 42). The undersigned

finds that none of Joy's facts are material for the resolution of Defendants' motion for summary judgment, and the Court should not consider them.

First, Joy fails to provide any specific record citation to support the disputed facts he proffers. Both Rule 56(c) of the Federal Rules of Civil Procedure and Local Rule 56.1 requires that a party asserting that a fact is either undisputed or disputed must support that factual assertion with a citation to materials in the record. *See* Fed.R.Civ.P 56(c); LR 56.1(a) and (b). "Federal Rule of Civil Procedure 56(c)(3) states that a 'court need consider only the cited materials' when deciding a motion for summary judgment." *Moore v. City of Memphis*, No. 2:14-cv-02089, 2016 WL 1261177, at *3 (W.D. Tenn. Mar. 30, 2016). Accordingly, as Joy has failed to comply with Rule 56(c)(3) or Local Rule 56.1, the Court should not consider his statement of disputed facts.

Next, in three of Joy's disputed facts, he references affidavit testimony and evidence from a third-party witness to support his assertions. (*See* D.E. 40 at 3-4 ¶¶ 6, 9-11). Joy, however, has not submitted any affidavit testimony (other than his Rule 56(d) affidavit) or any evidence from a third-party witness. Because Joy references materials from the record that do not exist, the Court should not consider the facts he asserts in paragraphs 6, 9, 10, and 11 of his response. (*See id.*)

Finally, the statements Joy submits in paragraphs 7 and 12 of his response are concerned with his Rule 56(d) request for additional time to conduct discovery that is examined above. As the statements in these two paragraphs are not material facts going to the substance of Defendants' motion for summary judgment, the Court should also refrain from considering these paragraphs.

3. *Proposed Undisputed Facts*

In August 2024, Joy accepted an offer of employment with Compass Group Incorporated ("Compass Group") and began the onboarding process for his new position. (Defs.' Stmt. Of Undisp. Facts, D.E. 38-5, at 1 ¶ 1). Joy received both an offer letter at the outset of his employment

and a termination letter at the conclusion of the onboarding process. (*Id*. at 1-2 ¶ 2). Joy did not receive any guarantee of continued employment, any promise that termination would be for cause only, or any contract limiting Compass Group's discretion during the onboarding process. (*Id*. at 5 ¶ 23). As part of the onboarding process, Compass Group conducted a routine background check, which allegedly reported a previously dismissed felony theft charge filed against Joy in Hardeman County, Tennessee. (*Id*. at 2 ¶ 3). Compass Group discontinued Joy's onboarding process due to the background check results. (*Id*. at ¶4).

After reviewing court records, Joy determined that the felony theft charge had been dismissed the year before in September 2023 without his involvement. (*Id*. at ¶ 5). Joy does not dispute that the charge existed at that point in time. (*Id.* at ¶ 6). Joy deemed the report "inaccurate" because he did not know the entire contents of the report, and specifically the details of the previously dismissed criminal charge, prior to reading it. (*Id*. at ¶ 7).

Joy had a conversation with Defendant Gudger, who is the Clerk of the Hardeman County Circuit Court, in which she allegedly said the criminal charge at issue "wasn't nothing" which was her way of saying to Joy that the charge had already been dismissed. (*Id*. at 3 ¶10). Defendant Gudger never admitted that the charge was errant, nor did she refuse to correct any alleged error during this conversation. (*Id*. at ¶ 11). Upon Joy's request, the Defendants worked with him to expunge the subject charge from his record and that, based upon that expungement, the criminal charge at issue no longer exists on his record such that he was able to obtain alternate employment which he holds to this day. (*Id*. at 4 ¶ 21).

C. Analysis

Joy has a single procedural due process claim brought pursuant to 42 U.S.C. § 1983. He alleges that Hardeman County, Tennessee, and Eunice Gudger, as the Clerk of the Hardeman

County Circuit Court, deprived him of his due process rights by inaccurately reporting the dismissed criminal charge to a third-party which resulted in the Compass Group rescinding the employment offer it made to Joy. Joy contends that Defendants knew or should have known that the criminal charge was erroneous and that they should have taken some corrective action.

Section 1983 provides a cause of action against any person who subjects "any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights [or] privileges secured by the Constitution and laws[.]" 42 U.S.C. § 1983. A plaintiff bringing suit under the statute must demonstrate that "he was denied a constitutional right, and that the deprivation was caused by a defendant acting under color of state law." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir.2014). "To prove a § 1983 procedural-due-process claim, a party must show: (1) that [he] has a 'life, liberty, or property interest requiring protection under the Due Process Clause,' (2) that the government 'depriv[ed] [him] of that interest,' and (3) that the government carried out that deprivation "without adequate process." *Williams v. Shelby Cnty., Tennessee, Bd. of Educ.,* No. 22-5591, 2025 WL 1370082, at *8 (6th Cir. May 12, 2025) (quoting *Fields v. Henry County*, 701 F.3d 180, 185 (6th Cir. 2012)).

Summary judgment should be granted. The undisputed facts show that Joy did not have a protected liberty or property interest in his employment. The undisputed facts also demonstrate that Defendants did not personally take any action that resulted in Joy being deprived of any protected interest. Finally, there is no identified process that was due to Joy. Accordingly, the Defendants have shown that Joy cannot establish a deprivation of his due process rights under the Fourteenth Amendment.

*1. Joy had no protected interest in his employment.*

The only interest Joy contends was protected was his employment with Compass Group. (D.E. 38-5 at 5 ¶ 24). "Under [Tennessee] state law, which defines what constitutes a property interest, an at-will employee 'is subject to dismissal at any time and without cause' and, thus, has no protectable interest in [his] continued employment." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 547 (6th Cir. 2012) (internal citations omitted). There is no evidence indicating that Joy's employment with Compass Group was not at will or that he had a legally recognized property interest in continued employment. (D.E. 38-5 at 5 ¶ 22). As such, Joy cannot establish the first element of his procedural due process claim.

*2. There is no evidence that Defendants deprived Joy of his employment.*

To hold an individual defendant liable under § 1983, that individual must have had "personal involvement" in the alleged unconstitutional conduct. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (personal involvement is required for personal liability). To incur liability, a defendant must have directly participated in or encouraged an unconstitutional act. *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). Here, there is no evidence whatsoever to indicate that Defendant Gudger had any involvement in Joy's employment offer being rescinded.

Further, to hold a municipality liable for a constitutional deprivation, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485

U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). Here, Joy does not identify any policy or custom that resulted in his alleged injury, nor does he point to any evidence to demonstrate that Hardeman County was the "moving force" behind his alleged due process deprivation. Joy thus fails to establish the second element of his procedural due process claim.

*3. Joy has not identified any process that he was due.*

"'[T]o make out a procedural due process claim,'" a plaintiff "'must... identify some procedural flaw' in the governmental entity's mechanisms for reviewing the deprivation at issue." *Santini v. Rausch*, No. 3:20-CV-00661, 2021 WL 2043083, at *11 (M.D. Tenn. May 21, 2021) (quoting *Hart v. Hillsdale Cty.,Mich.*, 973 F.3d 627, 645 (6th Cir. 2020)). Joy has failed to identify any procedure that he was deprived of or any procedural flaw that he caused him any deprivation. As such, Joy has failed to establish the third prong of his procedural due process claim.

**Recommendation**

For these reasons, it is recommended that Plaintiff Jonathan Joy's motion for leave to file a sur-reply (D.E. 43) be **DENIED**, his request for relief under Rule 56(d) of the Federal Rules of Civil Procedure contained in his response in opposition to the pending motion for summary judgment (*see* D.E. 40) be **DENIED**, and Defendants Hardeman County, Tennessee, and Eunice Minter Gudger's motion for summary judgment (D.E. 38) be **GRANTED**.

Respectfully submitted, this, the 5th day of August 2026.

s/Jon A. York
United States Magistrate Judge

## NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**