**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

**JONATHAN JOY,**

**Plaintiff,**

**VS.** **No. 24-1232-STA-jay**

**HARDEMAN COUNTY,**
**et al.,**

**Defendants.**

---

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF MAGISTRATE JUDGE**
**AND**
**ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH**

---

Plaintiff Jonathan Joy filed a *pro se* complaint against Hardeman County, Tennessee, and various Hardeman County officials pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff asserted that Defendants violated his constitutional rights under the Due Process Clause of the Fourteenth Amendment – specifically his procedural due process rights. Plaintiff alleged that he was offered and accepted a job in August 2024. During the onboarding process for his new position, a background check was conducted, and a felony theft charge against him in Hardeman County was revealed. Plaintiff investigated and determined that the theft charge arose from a case against him that was dismissed in September 2023. According to Plaintiff, his employment was terminated based on the background check. He contends that his due process rights were violated based on his not receiving notice of the dismissed criminal charge and that no corrective action was taken by the circuit court clerk's office after he notified the clerk that inaccurate information was being reported.

Upon screening, the Magistrate Judge recommended that Plaintiff's procedural due process claim against Hardeman County and Eunice Gudger, the Clerk of the Hardeman County Circuit Court, move forward. He further recommended that all other claims and defendants be dismissed and that the Court decline to exercise supplemental jurisdiction over any state law claims. (ECF No. 7.) The Court adopted the Report and Recommendation on January 30, 2025. (ECF No. 9.)

Subsequently, Defendants Hardeman County, Tennessee, and Eunice Minter Gudger filed a motion for summary judgment (ECF No. 38). After Plaintiff filed his response and Defendants filed a reply, Plaintiff moved for leave to file a sur-reply. (ECF No. 43.) On August 5, 2026, Magistrate Judge Jon A. York filed his Report and Recommendation that the motion for summary judgment of Defendants be granted and Plaintiff's motion for leave to file a sur-reply be denied. (ECF No. 47.) Plaintiff has filed objections to the Report (ECF No. 48), and Defendants have filed a response to Plaintiff's objections. (ECF No. 51.) For the reasons set forth below, the Report and Recommendation is **ADOPTED** in its entirety.

<u>Objections</u>

If a party objects within the allotted time to a Report and Recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b) (1); *see also* Fed. R. Civ. P. 72(b). Parties must file specific objections. "[T]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 2001 WL 303507 *1 (6th Cir. March 19, 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Because a "general objection to the entirety of the magistrate's report has the same effects as would a failure to object," *Howard v.*

*Sec'y of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991), to the extent that Plaintiff has made "vague, general, or conclusory objections," the Court will consider only the portions of the Report and Recommendation to which Plaintiff has made specific objections.

As noted by Defendants, Plaintiff has not identified any error of fact or law in the Magistrate Judge's analysis in his objections. Instead, Plaintiff asks the Court to excuse his own failure to take any discovery during the seven-month discovery period set by the Court, to consider two documents that were never presented to the Magistrate Judge, and to defer a ruling on the summary judgment motion. The Court agrees with Defendants that the record shows that Plaintiff was not diligent in litigating his claims: Plaintiff never noticed the deposition of Defendant Gudger or any other defense witness; he never served a subpoena on Brenda Woods or on the investigator he now says is critical; he never moved to compel any deposition or document; he never moved to extend the discovery deadline nor did he seek this Court's intervention at any point. He allowed the discovery deadline to pass, allowed the dispositive motion deadline to pass, and raised the issue of not being given a "full and fair opportunity to conduct discovery" for the first time only after Defendants moved for summary judgment. (Resp. p. 2, ECF No. 40.)

At no point in his objections does Plaintiff attempt to explain why the Magistrate Judge was incorrect in finding that he had no constitutionally protected interest in at will employment with a private third party; that neither Defendant had any personal involvement in, or municipal policy causing, the rescission of that employment offer; and that he has not identified any process he was due and denied. Accordingly, any objections to those findings are waived. Nor has Plaintiff objected to the Magistrate Judge's finding that his failure to respond to Defendants'

Statement of Undisputed Material Facts renders those facts undisputed for purposes of the motion for summary judgment. Accordingly, those objections are also waived.

The Court has reviewed the allegations of the complaint, the motion for summary judgment, the Report and Recommendation, and Plaintiff's objections and finds that the Magistrate Judge correctly applied the applicable law to Plaintiff's claims. Plaintiff has pointed to no law or facts to show that Magistrate Judge York was incorrect in finding that Defendants' motion for summary judgment should be granted. Thus, the Court adopts the recommendation that the motion be granted and Plaintiff's motion to file a sur-reply be denied.

## Summary and Conclusion

Because Magistrate Judge York correctly determined that the motion for summary judgment (ECF No. 38) should be granted, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ADOPTED.** Plaintiff's motion to file a sur-reply is **DENIED**. (ECF No. 43.)

## Appellate Issues

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file her motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that summary judgment should be granted but the action has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2d Cir. 1983). The same considerations that lead the Court to affirm the Magistrate Judge's decision also compel the conclusion that an appeal would not be taken in good faith.

It is **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, **DENIED**. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[1]

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 1, 2026

[1] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this Court copies of documents intended for filing in the Sixth Circuit.